**Frank GREY, Plaintiff–Appellant,**

v.

**CITY OF KALISPELL; John or Jane Does, 1–5, agents of the City of Kalispell, Defendants–Appellees.**

No. 99–36091.

D.C. No. CV–97–00005–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted* Aug. 9, 2001.

Decided Aug. 17, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BOOCHEVER, TASHIMA and TALLMAN, Circuit Judges.

MEMORANDUM**

Frank Grey sued the City of Kalispell under 42 U.S.C. § 1983 alleging that it had an interrogation policy that violated his constitutional rights. The district court granted summary judgment in favor of the City, finding that Grey proffered insufficient evidence that the City was deliberately indifferent to the constitutional rights of its citizens. We affirm.

 It is well established that liability may only be imposed on the City for injuries resulting from an official policy or custom. *See Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality."). The City is not liable for any constitutional rights violation caused by an individual officer under a respondeat superior theory. *See Bd. of County*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

*Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 403, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997).

The failure of a city to train or supervise its police officers properly is actionable under § 1983 only when it amounts to deliberate indifference to the rights of persons with whom the officers come in contact. *See City of Canton v. Harris,* 489 U.S. 378, 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). Also, the failure of a city to act to preserve a constitutional right is actionable under § 1983 only when a plaintiff demonstrates that the official policy "evidences a deliberate indifference to his constitutional right." *Id.* at 389, 109 S.Ct. 1197. Deliberate indifference occurs when the need for more or different action "is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers ... can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390, 109 S.Ct. 1197.

Grey proffered the following evidence in opposition to the City's motion for summary judgment: the Montana Supreme Court's holding in *Montana v. Grey,* 274 Mont. 206, 907 P.2d 951 (Mont. 1995), and the deposition of Officer Holt. The state supreme court found that under the totality of the circumstances Grey's Fifth Amendment right against self-incrimination was violated by the confession obtained by Officer Holt. This ruling is certainly relevant to establishing that he possessed a constitutional right that was deprived by an individual officer, but it does not support the allegation that the City had a policy of depriving citizens generally of it or a deliberate indifference to the protection of constitutional rights.

The deposition of Officer Holt fails to identify a policy of deliberate indifference to constitutional rights. Instead, the deposition details the extensive training that the City provided its police officers to enable them to follow recent developments in constitutional law. Even if the tactics employed by Officer Holt against plaintiff could be construed as official policies, we have previously upheld similar interrogation tactics as constitutional. *See Amaya–Ruiz v. Stewart,* 121 F.3d 486, 495 (9th Cir.1997); *United States v. Andaverde,* 64 F.3d 1305, 1313 (9th Cir.1995). Accordingly, Grey has failed to present evidence sufficient to create a triable issue of fact regarding whether the City was deliberately indifferent to his constitutional rights.

AFFIRMED.